DYK, Circuit Judge,
concurring.
I join the opinion of the court. I write separately to emphasize that our jurisdictional holding should not be read to require that the two proceedings in eases such as this — one in the Court of Federal Claims for supplemental pay and one before the Merit Systems Protection Board (“Board”) for retirement pay — proceed simultaneously.
Both the Court of Federal Claims and the Board are authorized to stay their proceedings pending the outcome of litigation in the other forum, and a decision by one will be collateral estoppel as to the other. In my view, Congress designated the Board as the primary forum for the resolution of disputes concerning Law Enforcement Officer status entitlement, and the Board has had twenty-seven years of experience administering the statute. Where claims are filed both in the Court of Federal Claims and before the Board, the Court of Federal Claims should routinely stay its proceedings pending the outcome of Board proceedings, unless the Court of Federal Claims proceedings are at an advanced stage when the Board proceedings are commenced. Cf. Martinez v. United States, 333 F.3d 1295, 1310 (Fed.Cir.2003) (en banc) (stays in parallel proceedings before the Court of Federal Claims and the Army Board for Correction of Military Records).